Neil B. Klein, SBN 142734
Maria del Rocio Ashby, SBN 206282
neilk@mckassonklein.com
mrashby@mckassonklein.com
McKASSON & KLEIN LLP
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
Phone:   (949) 724-0200
Fax:       (949) 724-0201
Attorneys for Plaintiff and
Cross-Defendant Bodo Valasik

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| BODO VALASIK, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>PACIFIC ASIAN ENTERPRISES, INC., a California corporation,<br><br>    Defendant. | Case No. 8:23-cv-00464 DOC (JDEx)<br>Assigned to Hon. David O. Carter<br><br>**CROSS-DEFENDANT BODO VALASIK'S ANSWER TO CROSS-COMPLAINT FOR BREACH OF CONTRACT** |
| PACIFIC ASIAN ENTERPRISES, INC.,<br><br>    Cross-complainant,<br><br>  vs.<br><br>BODO VALASIK, an individual,<br><br>    Cross-defendant. | Complaint filed: March 13, 2023<br>Trial date: June 18, 2024 |

Cross-Defendant Bodo Valasik ("Cross-Defendant") answers the Cross-Complaint for Breach of Contract filed by Cross-Complainant Pacific Asian Enterprises, Inc. ("Cross-Complainant") as set forth below. Except as expressly admitted herein, the allegations of the Cross-Complaint are denied.

1. Answering Paragraph 1, Cross-Defendant admits the allegations.
2. Answering Paragraph 2, Cross-Defendant admits the allegations.
3. Answering Paragraph 3, Cross-Defendant admits that on or about August

7, 2018, he entered into a written contract with Cross-Complainant for the construction of a new build, custom 96-foot Nordhavn yacht under hull number 17, and that the purchase agreement, prior to amendment thereto, is attached to the Cross-Complaint as Exhibit 1.

4. Answering Paragraph 4, Cross-Defendant admits the allegations.

5. Answering Paragraph 5, Cross-Defendant admits the purchase agreement, prior to amendment thereto, provided for delivery of the yacht to Cross-Defendant in Xiamen, China.

6. Answering Paragraph 6, Cross-Defendant admits that through a series of emails between the parties on May 19th 2022, the purchase agreement was amended, as follows: (i) the yacht was to be shipped to and offloaded in Ensenada, Mexico by Cross-Complainant, (ii) the yacht was to move from Ensenada, Mexico to San Diego, California to clear customs and obtain a temporary import bond, (iii) the yacht was to move from San Diego to Dana Point to start the commissioning process, (iv) sea trials for the yacht were to take place during commissioning, (v) the final balance of the purchase price was to be paid upon final delivery, and (vi) upon Cross-Defendant's acceptance of the finished yacht, it was to be delivered to Cross-Defendant offshore beyond U.S. territorial waters, with title to transfer to Cross-Defendant at such time. Cross-Defendant denies the remaining allegations.

7. Answering Paragraph 7, Cross-Defendant admits that it agreed to pay Cross-Complainant the sum of $375,000 upon successful transport of the yacht from Xiamen, China to Ensenada, Mexico, the sum of $2,100,000 upon completion of successful sea trials of the yacht, and the sum of $832,487 upon completion of commissioning and final delivery. Cross-Defendant denies the remaining allegations.

8. Answering Paragraph 8, Cross-Defendant admits the allegations.

9. Answering Paragraph 9, Cross-Defendant lacks sufficient information to

1 admit or deny the allegations and, on that basis, denies the allegations.

2    10.   Answering Paragraph 10, Cross-Defendant admits that on or about June 28th 2022, Cross-Complainant notified Cross-Defendant by email that the ship carrying the yacht onboard made contact with another ship while docking in Kaohsiung, Taiwan, that the damage to the yacht was major, and that the ship was still enroute to Ensenada, with the yacht on board.

   11.   Answering Paragraph 11, Cross-Defendant denies that damage to the yacht was minor and that the yacht could be repaired to new condition. Cross-Defendant lacks sufficient information to admit or deny the remaining allegations and, on that basis, denies such allegations.

   12.   Answering Paragraph 12, Cross-Defendant admits that Captain Rost was aboard the yacht as an observer during the sailing from Sidney, B.C. to Westport repair yard at Port Angeles, Washington. Cross-Defendant denies the remaining allegations.

   13.   In answering Paragraph 13, Cross-Defendant admits that in August and September 2022, Cross-Defendant obtained surveys of the damage to the yacht and that reports were prepared in connection with the surveys. Cross-Defendant denies the remaining allegations in this paragraph.

   14.   In answering Paragraph 14, Cross-Defendant admits that on August 16th 2022, Michael Moore, counsel for Cross-Defendant, sent an email to Cross-Complainant counsel, stating among other things that Cross-Complainant was in breach of the purchase agreement, as amended, and was not in a position to deliver a new yacht in perfect tender, as required by law.

   15.   In answering Paragraph 15, Cross-Defendant admits the allegations therein, but denies they comprise the entirety of the Sept 7th 2022 letter by counsel for Cross-Complainant to counsel for Cross-Defendant.

   16.   In answering Paragraph 16, Cross-Defendant admits the allegations therein, but denies that they comprise the entirety of the quoted clause in the

purchase agreement, as amended, and specifically denies that "minor discrepancies" referenced in such quoted clause relates to yacht damages, but instead to outside vendor supplied electrical and mechanical systems.

17. In answering Paragraph 17, Cross-Defendant admits the purchase agreement, as amended, contains the quoted language, and that no "technical survey" was conducted prior to delivery of the yacht. Cross-Defendant denies the remaining allegations.

18. In answering Paragraph 18, Cross-Defendant denies the allegations.

19. In answering Paragraph 19, Cross-Defendant lacks sufficient information to admit or deny whether the yacht was moved into a heated indoor facility and on that basis, denies the allegation. Cross-Defendant denies the remaining allegations.

20. In answering Paragraph 20, Cross-Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis, denies the allegations.

21. In answering Paragraph 21, Cross-Defendant admits Cross-Complainant sent an email to Cross-Defendant on Dec 13th 2022 stating, among other things, that even though lawyers for both parties were talking, he asked "let's communicate about this," to which Cross-Defendant responded the parties could "at least exchange positions" but in order for Cross-Defendant to think about it in more detail, he needed "binding statements." Cross-Defendant lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and therefore denies the same.

22. In answering Paragraph 22, Cross-Defendant admits it was not to blame for damage to the yacht. The remaining allegations in Paragraph 22 state legal conclusions as to which no response is required; to the extent a response is required, Cross-Defendant denies the remaining allegations.

23. In answering Paragraph 23, Cross-Defendant lacks sufficient


information to admit or deny the sale price at which Cross-Complainant sold the yacht to a new buyer and, on that basis, denies the allegations. Cross-Defendant denies the remaining allegations.

## CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

24. In answering Paragraph 24, which realleges prior paragraphs 1-23 of the Cross-Complaint, Cross-Defendant restates and incorporates its foregoing answers to paragraphs 1-23.

25. In answering Paragraph 25, Cross-Defendant admits the allegations.

26. Paragraph 26 states legal conclusions as to which no response is required. To the extent a response is required, Cross-Defendant denies the allegations.

27. Paragraph 27 states legal conclusions as to which no response is required. To the extent a response is required, Cross-Defendant denies the allegations.

28. Paragraph 28 states legal conclusions as to which no response is required. To the extent a response is required, Cross-Defendant denies the allegations.

29. Paragraph 29 states legal conclusions as to which no response is required. To the extent a response is required, Cross-Defendant denies the allegations.

30. In answering Paragraph 30, Cross-Defendant admits the allegations.

31. In answering Paragraph 31, Cross-Defendant denies the allegations.

## RESPONSE TO CROSS-COMPLAINANT'S PRAYER

Cross-Defendant denies that Cross-Complainant is entitled to any relief under the Cross-Complaint or the parties' contract, as amended.

//

//

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Cross-Complaint fails to state a claim against Cross-Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Cross-Complainant failed to reasonably mitigate damages and to the extent of such failure to mitigate, any damages awarded to Cross-Complainant should be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

(Cross-Complainant's Conduct)

Cross-Defendant alleges that Cross-Complainant breached its contract with Cross-Defendant and due to such breach, Cross-Defendant has been excused of any duty he may have had to perform any obligation thereunder and Cross-Complainant is barred from recovering under such contract. Damages suffered by Cross-Complainant, if any, are the result of Cross-Complainant's own conduct, acts, representations and/or omissions, not due to any conduct, acts, representations and/or omissions of Cross-Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Condition Precedent)

The Cross-Complaint fails, and Cross-Complainant is barred from relief thereunder, because Cross-Complainant did not satisfy conditions precedent.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Cross-Complaint is barred in whole or in part by Cross-Complainant's conduct, omissions and/or representations which constitute unclean hands.

//

### SIXTH AFFIRMATIVE DEFENSE

(Discharged Duties; Complete Performance)

Cross-Defendant duly satisfied and discharged all duties and obligations owed to Cross-Complainant arising out of any and all agreements, representations, or contracts made by or on behalf of Cross-Defendant, except as may have been excused or waived by Cross-Complainant.

### SEVENTH AFFIRMATIVE DEFENSE

(Frustration of Purpose; Impracticability)

Cross-Defendant is excused from performance, in whole or in part, by the doctrines of frustration of purpose and/or commercial impracticability.

### EIGHTH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

Damages suffered by Cross-Complainant, if any, are the result of wrongful conduct, acts and/or admissions of third parties which are not attributable to Cross-Defendant.

### NINTH AFFIRMATIVE DEFENSE

(Contribution)

Cross-Complainant's damages, if any, should be decreased to the extent Cross-Complainant has or could have recovered from third parties.

### TENTH AFFIRMATIVE DEFENSE

(Offset)

Cross-Complainant's recovery, if any, must be offset to the extent of amounts due and/or owed by Cross-Complainant to Cross-Defendants, including damages incurred by Cross-Defendant due to Cross-Complainant's conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

(Rescission)

Cross-Complainant's recovery is barred due to Cross-Defendant's prior written notice of rescission of the parties' contract.

## TWELFTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The Cross-Complaint is barred by the doctrine of unjust enrichment because Cross-Complainant would be unfairly and unjustly enriched at Cross-Defendant's expense by the requested relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

Cross-Complainant waived the cause of action asserted in the Cross-Complaint through its representations, actions and/or omissions; Cross-Complainant also led Cross-Defendant to rely on said representations, actions and/or omissions to his detriment, thereby barring Cross-Complainant's recovery under the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

Cross-Defendant hereby reserves the right to rely on such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend this Answer to assert any such defense.

WHEREFORE, Cross-Defendant prays as follows:

1. That Cross-Complainant take nothing on the Cross-Complaint and judgment be entered in Cross-Defendant's favor;
2. For an award of reasonable attorney fees as permitted by the parties' contract and/or to the extent the law or equity allows;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

//
//
//

Dated: August 25. 2023

Respectfully submitted,

 /s/ *Neil B. Klein*

Neil B. Klein
Maria del Rocio Ashby
MCKASSON & KLEIN LLP
Attorneys for Plaintiff and
Cross-Defendant Bodo Valasik

**ANSWER TO CROSS-COMPLAINT**